## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **MATTHEW MONSON,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE ILLINOIS GAMING BOARD,** | ) |
| **an Illinois administrative** | ) |
| **agency, and, in their official** | ) |
| **capacities, CHARLES** | ) |
| **SCHMADEKE, Chairman,** | ) |
| **DIONNE R. HAYDEN, Member,** | ) |
| **SEAN BRANNON, Member, JIM** | ) |
| **KOLAR, Member, MARCUS** | ) |
| **FRUCHTER, Board** | ) |
| **Administrator, individually and** | ) |
| **in their Official Capacities** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

MATTHEW MONSON, through James J. Lessmeister and Jimmy Samad of Lessmeister & Samad PLLC, complain against Defendants Illinois Gaming Board ("Board" or "IGB"), its Administrator Marcus Fruchter, and its members Chairman Charles Schmadeke, Sean Brannon, Dionne R. Hayden, and James Kolar in their individual and official capacities (collectively "IGB"), as follows:

## NATURE OF THE ACTION

1.      This is a civil rights lawsuit for a class of one, Matthew Monson for violation of his equal protection under the law.

2.     The IGB made adverse rulings against Matthew Monson individually and his related interests involving Vemco LLC, Equitable Veteran Solutions, LLC as it relates to the Danville Casino, and his prior dealings with J&J Ventures Gaming based upon something that has yet to occur, the revocation of Veterans VGT's Terminal Operator License, which already expired.  More insidious, is that the IGB has refused to grant hearing requests by Vemco, Equitable Veteran Solutions. This has been to the detriment of Matthew Monson.

**PARTIES**

3.     Matthew Monson is an individual, a veteran of the United States Military, and the sole member of Vemco, LLC ("Vemco"), Equitable Veterans Solutions, LLC and Veterans VGT, LLC ("Veterans").

4.     Matthew Monson lives and is domiciled in the State of Georgia.

5.     Defendant Illinois Gaming Board is a statutorily created entity responsible for administering the Video Gaming Act, 230 ILCS 40/1, et seq., and the Riverboat Gambling Act, 230 ILCS 10/1, et seq. Its principal place of business is in Chicago, Illinois, at 160 North LaSalle Street, Suite 300.

6.     Defendant Marcus Fruchter is the Board's Administrator and an Illinois resident.

7.     Defendant Charles Schmadeke is a member of the Board, serves as its Chairman and is an Illinois resident.

8.     Defendants Sean Bannon, Dionne R. Hayden and James Kolar are members of the Board and Illinois residents.

**VENUE AND JURISDICTION**

9.     Jurisdiction is conferred upon the Honorable Court pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983; because the matters in controversy arise under the Constitution and laws of the United States.

10.     Venue is proper in this Court as the Defendants actions, inaction, and conduct that gave rise to this cause occurred in within the Eastern Division of the Northern District of Illinois and the Board has its principal offices in Cook County, Illinois.

**JURY DEMAND**

11.     Plaintiff Matthew Monson hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**FACTUAL BACKGROUND**

12.     Matthew Monson is the managing member and 100% owner of Veterans VGT, Vemco LLC and Equitable Veteran Solutions, LLC.

13.     Veterans VGT applied for, was approved, and was licensed by the IGB as a Terminal Operator (License No. 17060488) on August 24, 2017.

14.     A "Licensed Terminal Operator" is defined under 230 ILCS 40/5 and IGB Rule 110.

15.     Veterans VGT continued to maintain its Terminal Operator License through required annual renewals in 2018, 2019, 2020 and 2021.

16.     Veterans VGT during its time of licensure had not been disciplined by the IGB nor denied its license or renewal license.

17.    In the June of 2021, Veterans VGT, who only had minimal operations still in Illinois, sold all of its assets including eligible "Use Agreements" to J&J Ventures Gaming, another licensed Terminal Operator.

18.    Following an IGB investigation into the proposed Asset Purchase Agreement between Veterans VGT and J&J Ventures Gaming, the IGB through the Administrator approved the transaction without conditions.

19.    As a result, Veterans VGT elected not to file an annual renewal application for its Terminal Operator License (License No. 17060488) on or before the May 6, 2022 deadline resulting in the expiration of its Terminal Operator License on August 24, 2022.

20.    On April 1, 2022, the IGB sent Veterans a notice to renew its terminal operator license, requiring the submission and $5000 renewal payment to be submitted on or before the May 6, 2022, deadline.

21.    Veterans did not submit the renewal submission for 2022.

22.    Veterans informed the IGB that it would not submit a renewal application or pay the required $5000 fee.

23.    At the September 2022 IGB meeting, Veterans was not considered for Renewal with other terminal operator applicants for the term August 2022-August 2023. Pursuant to IGB Rule 1800.570 "The Board may only renew a license upon receipt of the annual fee (see Section 45(g) of the Act) and any renewal forms provided by the Board;" and "A license shall expire if the annual fee is not received by the Board prior to the expiration of the license."

24.     On July 26, 2022, the IGB issued a Disciplinary Complaint Case No. 23 GB-013; DC-V022-012 against Veterans VGT alleging Veterans failed to timely disclose sales agents and made misrepresentations before the Board, seeking a $100,000 fine.

25.     Veterans VGT timely filed a Verified Request for Hearing pursuant to Rule 720 to that Complaint contesting the allegations.

26.     The IGB, however, did not assign an Administrative Law Judge (the "ALJ") until almost a year after Veterans VGT filed its timely Request for Hearing.

27.     The initial status was set on July 20, 2023 for August 9, 2023.

28.     After close to a year and a half passed, on November 7, 2023 the IGB filed an Amended Complaint against Veterans VGT seeking to revoke Veterans VGT's Terminal Operator License, the same license that Veterans VGT did not elect to renew in April 2022 and which expired as a matter of law on August 24, 2022.

29.     Veterans VGT filed an Answer to the Amended Complaint and upon newly discovered evidence filed a Second Amended Answer which was accepted on October 10, 2024. See **Exhibit 1**, attached hereto and incorporated herein by reference.

30.     The IGB maintains a public listing of all Municipalities that allow or prohibit Video Gambling as regulated by the IGB.

31.     At all times relevant to Veterans VGT and continuing through the date of this filing, the IGB indicates that Video Gambling is prohibited in the City of Chicago.

32.     As a result, under the IGB Rules no business would qualify as a Video Gaming Location.

33.     At all times relevant to Veterans VGT and specifically during the times alleged in the IGB's complaints against Veterans VGT, no business in the City of Chicago would qualify to have an IGB Rule 110 or 320 compliant "Use Agreement."

34.     IGB Rule 265 relates to Sales Agents and Brokers.

35.     Pursuant to Rule 265, an agent or broker shall "Only solicit or facilitate use agreements or agreements that purport to control the placement and operation of video gaming terminals with video gaming locations that comply with the Act and this Part."

36.     The IGB's complains that Sales Agents or Brokers acting on behalf of Veterans VGT solicited "Use Agreements" in the City of Chicago.

37.     The IGB's Amended Compliant has not been adjudicated to final resolution, Veterans contests the allegations contained therein, and no findings have been issued against Veterans VGT.

38.     Yet, the IGB took action to punish Matthew Monson, the individual, for the Complaint it filed against Veterans VGT by initiating three additional matters including denial and disassociation solely based on IGB's Complaint seeking revocation of Veterans VGT license, which already expired.

**VEMCO LLC**

39.    VEMCO was formed as a result of the 2019 Illinois Casino Expansion laws.

40.    VEMCO was a Veteran Owned Business by Matthew Monson that intended to partner with a Minority Owned Business for the purpose of supplying casinos including the newly created 6 casinos with gambling related equipment and specifically Roulette Wheels.  VEMCO had secured a distribution agreement with the leading manufacturer of Roulette equipment.

41.    VEMCO filed its Casino Supplier Application in or around November 2021.

42.    After nearly two years, on December 13, 2023 the IGB sent notice of its December 7, 2023 denial of a Casino Supplier License to Vemco LLC, which is a separate company owned by Matthew Monson.  **Exhibit 2** attached hereto and incorporated herein.

43.    Vemco previously submitted a Casino Supplier License application to the IGB, but also requested leave to withdraw its application.

44.    Indeed, Vemco terminated its limited liability company with the Illinois Secretary of State in July of 2023, for which no license was needed.

45.    However, the IGB denied Vemco's request to withdraw the application, and in its denial of the license the IGB cited the Amended Disciplinary Complaint brought against Veterans VGT on November 7, 2023 as the basis for its decision. **Exhibit 1** attached hereto and incorporated herein. Again, at the time this ruling occurred regarding Vemco, there had been no final

adjudication of the IGB's allegations in its Amended Disciplinary Complaint against Veterans.

46.     Pursuant to 86 Ill. Adm. Code 30000.405 ("Rule 405") on December 15, 2023, Vemco submitted a timely hearing request on the denial of leave to withdraw the application and denial of the application for the Casino Supplier License. **Exhibit 3** attached hereto and incorporated herein.

47.     The IGB has intentionally not ruled on the Request for Hearing, in order to first prosecute its Complaint against Veterans VGT to justify the punishment it has enacted upon Matthew Monson and Vemco.

48.     The IGB has duty imposed by law to assign an ALJ pursuant to Rule 720(h) and Rule 405.

49.     No ALJ has been assigned to Vemco's Request for Hearing and the request has been pending for in excess of eleven (11) months.

50.     The IGB had a board hearing on September 12, 2024, and could have ruled upon Vemco's Request for Hearing and appointed and ALJ on that day.

51.     The IGB intentionally did not grant said request, seeking to delay adjudication of Vemco's Request for Hearing until after its scheduled trial and final adjudication of the Amended Complaint against Veterans VGT.

**MONSON/EVS AND GOLDEN NUGGET DANVILLE**

52.     On December 13, 2023 the IGB sent notice of its December 7, 2023 decision pursuant to 86 Ill. Adm. Code 3000.224 requesting the Danville

Development LLC d/b/a Golden Nugget Danville to disassociate from EVS and Matthew Monson. **Exhibit 4** attached hereto and incorporated herein.

53.     Matthew Monson, individually, and Equitable Veteran Solutions LLC were minority owners in the Golden Nugget Danville casino.

54.     The IGB cited the Amended Disciplinary Complaint brought against Veterans VGT as the basis for its Request to Disassociate. **Exhibit 1** attached hereto and incorporated herein.

55.     Pursuant to 86 Ill. Adm. Code 30000.405 ("Rule 405") on January 2, 2024 Matthew Monson and EVS submitted a timely hearing request on the Request to Disassociate issued to the Golden Nugget Danville, EVS, and Matthew Monson. **Exhibit 5** attached hereto and incorporated herein.

56.     The IGB has intentionally not ruled on the Request for Hearing, in order to first prosecute its Complaint against Veterans VGT to justify the punishment it has enacted upon Matthew Monson and EVS.

57.     The IGB has duty imposed by law to assign an ALJ pursuant to Rule 720(h) and Rule 405, now that Matthew Monson and EVS timely requested a hearing.

58.     No ALJ has been assigned to Matthew Monson and EVS's Request for Hearing and the request has been pending for in excess of eleven (11) months.

59.     The IGB had a board hearing on September 12, 2024, and could have ruled upon Matthew Monson and EVS's Request for Hearing and appointed and ALJ on that day.

60.    The IGB intentionally did not grant said request, seeking to delay adjudication of Matthew Monson and EVS's Request for Hearing until after its scheduled trial and final adjudication of the Amended Complaint against Veterans VGT.

**MONSON AND J&J VENTURES GAMING LLC**

61.    On December 13, 2023 the IGB pursuant to 86 Ill. Adm. Code 3000.224 sent a Notice to Disassociate to J&J Ventures Gaming LLC from Matthew Monson. **Exhibit 6** attached hereto and incorporated herein.

62.    In or around January 2021, Veterans VGT submitted an asset purchase agreement to the IGB for J&J's purchase of certain "Use Agreements" owned by Veterans VGT as a terminal operator, and the IGB approved the purchase pursuant to Rule 340 in or around June 2022.

63.    That Agreement had a provision for Veterans VGT and Monson to receive additional conditional compensation in the event that certain "Use Agreements" became viable and eligible for J&J Ventures Gaming to operate.

64.    The IGB cited the Amended Disciplinary Complaint brought against Veterans VGT as the basis for its Request to Disassociate.  **Exhibit 1** attached hereto and incorporated herein.

65.    Pursuant to IGB Rules on January 2, 2024 Matthew Monson submitted a timely hearing request on the Request to Disassociate issued to the J&J Ventures Gaming LLC and Matthew Monson.  **Exhibit 7** attached hereto and incorporated herein.

66. The IGB has intentionally not ruled on the Request for Hearing, in order to first prosecute its Complaint against Veterans VGT to justify the punishment it has enacted upon Matthew Monson.

67. The IGB has duty imposed by law to assign an ALJ pursuant to Rule 720(h) and Rule 405, now that Matthew Monson timely requested a hearing.

68. No ALJ has been assigned to Matthew Monson's Request for Hearing and the request has been pending for in excess of eleven (11) months.

69. The IGB had a board hearing on September 12, 2024, and could have ruled upon Matthew Monson's Request for Hearing and appointed and ALJ on that day.

70. The IGB intentionally did not grant said request, seeking to delay adjudication of Matthew Monson's Request for Hearing until after its scheduled trial against Veterans VGT.

## COUNT I: CIVIL RIGHTS; CLASS OF ONE

71. Plaintiffs restate and reallege paragraphs 1 through 70 as if fully restated herein.

72. Pursuant to 86 Ill. Adm. Code 30000.405 and 1800.720 Vemco, EVS and Matthew Monson as it relates to the Golden Nugget Danville Casino, and Matthew Monson as it relates to J&J Ventures Gaming LLC timely submitted requests for hearing as to the December 7, 2023 decisions by the Illinois Gaming Board.

73.     The Fourteenth Amendment to the United States Constitution states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const. amend. XIV, § 1.

74.     Likewise, the Illinois Constitution states: "No person shall be deprived of life, liberty or property without due process of law. . ." Ill. Const. Art. I § 2; and "Every person shall find a certain remedy in the laws for all injuries and wrongs which he perceives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. Art. I § 1.

75.     There is a substantial, bona fide, actual and justiciable dispute regarding punishments levied by the IGB against Matthew Monson and his related entities, for allegations pending against Veterans VGT which have not been adjudicated to final order.

76.     For the adverse rulings against Mr. Monson's interests in Vemco LLC, Equitable Veteran Solutions, LLC as it relates to the Danville Casino, and his prior dealings with J&J Ventures Gaming, the IGB relied upon the IGB's November 7, 2023 Amended Disciplinary Complaint as a whole.

77.     The hearing on the Veterans Amended Disciplinary Complaint was presented and tried before ALJ John E. White on Monday, October 28, 2024. At the close of the evidence, the IGB voluntarily dismissed Count II against Veterans. Yet, when making adverse rulings against Vemco LLC, Equitable Veteran Solutions, LLC as it relates to the Danville Casino, and his prior dealings

with J&J Ventures Gaming, the IGB relied upon the IGB's November 7, 2023 Amended Disciplinary Complaint as a whole.

78.     The ALJ's report and recommendation to the IGB Administrator will issue some time in 2025 after the submission of the written closing briefs. Veterans reply written closing will be submitted on January 7, 2025.

79.     Again, adverse rulings were made against Mr. Monson's entities for which he is the sole member and Managing Member based only upon allegations in an Amended Complaint filed against Veterans on November 7, 2023. Thereafter, Count II, which was considered in the adverse rulings, was voluntarily dismissed by the IGB.

80.     An agency, acting under color of State law, violates the United States and our Constitutions' guarantees of procedural due process when it deprives persons of a legal remedy by denying access to the courts. Here, the IGB has done just that.

81.     In taking no action for in excess of 11 months, the IGB has evidenced its intent to delay decisions against Vemco, EVS and Matthew Monson as it relates to the Golden Nugget Danville Casino, and Matthew Monson as it relates to J&J Ventures Gaming LLC until after Trial against Veterans VGT, for the IGB to justify its conduct.

82.     As a result, the Plaintiffs find themselves without access to any tribunal that can determine their rights, obligations, and afford them procedural due process regarding the notices issued by the IGB.

83.     The IGB's action of targeting Mr. Monson and his entities is vindictive action that has caused him prejudice and damage.

84.     Accordingly their conduct violates the Equal Protection Clause found in the United States Constitution, and violates 42 U.S.C § 1983.

85.     The Defendants failed to carry out and execute their administrative functions in good faith and within the bounds of reason but rather with illegitimate animus against Mr. Monson and the entities he owned and controlled.

86.     There was no rational basis for the Defendants' acts, omissions, and willful violation of Mr. Monson's rights.

87.     The Defendants methodical course of action was done with illegitimate animus and ill will rather than tailored to further any legitimate, substantial, or compelling State interest.

88.     As a direct, legal, and proximate result of the Defendants actions, omissions, and violations of Monson's constitutional rights, Monson has suffered and continues to suffer damages.

WHEREFORE, Matthew Monson, pray for relief and judgment against Defendants Illinois Gaming Board, its Administrator Marcus Fruchter, and its members Chairman Charles Schmadeke, Sean Bannon, Dionne R. Hayden, and James Kolar in their individual and official capacities and order such further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*/S/ James J. Lessmeister*
James J. Lessmeister
Jimmy A. Samad
Lessmeister & Samad, PLLC
10 S. LaSalle St., STE 2510
Chicago, IL 60603
Attorney Code: 39294
312.929.2630
jlessmeister@lessmeisterlaw.com

*Attorneys for Matthew Monson*